IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RACHAEL VICTORIA STACY                                      PLAINTIFF

vs.                                Civil No. 4:15-cv-04038

CAROLYN W. COLVIN                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Rachael Victoria Stacy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her current disability applications on April 24, 2012. (Tr. 144, 243-258). In these applications, Plaintiff alleges being disabled due to diabetes and neuropathy. (Tr. 278). These applications were denied initially and again upon reconsideration. (Tr. 182-185).

Thereafter, on August 14, 2013, the ALJ held an administrative hearing on Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____" The transcript pages for this case are referenced by the designation "Tr."

1

applications. (Tr. 158-181). At this hearing, Plaintiff was present and was represented by Howard Goode. *Id.* Plaintiff and Vocational Expert ("VE") Teresa Beasley testified at this hearing. *Id.* During this hearing, Plaintiff testified she was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 162). As for her education level, Plaintiff also testified she had graduated from high school and had completed approximately two years of college. (Tr. 164).

On August 30, 2013, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 141-153). The ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2009. (Tr. 146, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2008, her alleged onset date. (Tr. 146, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus type 1 with diabetic neuropathy, gastroparesis, a history of DKAs, and obesity. (Tr. 146-148, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 148-149, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 149-152, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) but the claimant must avoid climbing ladders, ropes, or scaffolds and can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 152, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 152-153, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 178-181). Considering the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform work as an eyeglass polisher (unskilled, sedentary) with 35,012 such jobs in the national economy and 3,079 such jobs in Arkansas; food order clerk (unskilled, sedentary) with 52,370 such jobs in the national economy and 3,836 such jobs in Arkansas; and electronics dowel maker (unskilled, sedentary) with 33,055 such jobs in the national economy and 3,647 such jobs in Arkansas. (Tr. 153). Because Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not been under a disability, as defined in the Act, from January 1, 2008 through the date of his decision or through August 30, 2013. (Tr. 153, Finding 11).

Thereafter, on October 1, 2013, Plaintiff requested the review of the Appeals Council. (Tr. 139). On February 20, 2015, the Appeals Council denied this request for review. (Tr. 1-4). Plaintiff then filed her Complaint in this case on April 15, 2015. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 12, 2015. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff raises the following four issues: (A) the ALJ erred by assigning little weight to the opinions of her treating physician, Dr. Vincent B. Lococo, M.D.; (B) the ALJ erred in finding her testimony was not credible; (C) the ALJ erred by failing to comply with SSR 82-59; and (D) the ALJ erred by failing to take into consideration the side effects of her medication. ECF No. 12 at 1-16. The Court will address each of the arguments Plaintiff has raised.

**A.      Treating Physician**

Plaintiff claims the ALJ erred by assigning little weight to the opinions of her treating physician, Dr. Lococo. ECF No. 12 at 9-11. Plaintiff claims that if the ALJ properly gave controlling weight to Dr. Lococo's findings, she would have been found to be disabled. *Id.*

5

On February 13, 2013, Dr. Lococo completed a three-paged "Physician's Source Statement" and found Plaintiff would be absent from work more than four days per month due to her diabetes and nausea. (Tr. 1008-1010). Dr. Lococo also found that, due to her impairments, Plaintiff could only sit with her legs elevated. (Tr. 1009).

In his opinion, the ALJ considered Dr. Lococo's findings but discounted them for the following reasons:

> The undersigned finds no support for Dr. Lococo's assessment that the claimant is functionally limited by her impairment in so much that she would need frequent breaks and leg elevation, and would miss more than four workdays per month. The claimant's own testimony, as discussed above as not fully credible, indicates that she is capable of greater range of physical activity on a daily basis. Dr. Lococo's own reports primarily summarize the claimant's subjective complaints, diagnoses, and treatment, but do not present objective clinical or laboratory diagnostic findings that support this functional assessment. Further, there is no evidence of edema in her medical record whatsoever which would necessitate legs' elevation. Accordingly, the undersigned gives little evidentiary weight to Dr. Lococo's opinions, which, if otherwise accepted as credible, would indicate that the claimant could not maintain competitive employment.

(Tr. 152).

Having reviewed Plaintiff's arguments and the ALJ's decision on this issue, the Court finds no basis for reversal on this issue. Notably, although the ALJ was required to give "good reasons" in his decision to discount Dr. Lococo's findings, the ALJ was not required to adopt Dr. Lococo's findings. *See* 20 C.F.R. § 404.1527(c)(2) (2012); 20 C.F.R. § 416.927(c)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). Here, as noted above, the Court finds the ALJ did give "good reasons" for discounting Dr. Lococo's findings. Thus, the Court finds no basis for reversal on this issue.

**B.      Plaintiff's Credibility**

Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 12 at 11-13. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. (Tr. 149-152). The ALJ supported his credibility determination with the following findings: (1) Plaintiff reported having extensive daily activities, including the ability to "maintain her own personal hygiene, prepare meals, preform household chores, drive a vehicle and go shopping," "care for young children at home . . . without any particular assistance," and take her "kids to school"; (2) Plaintiff has received only "essentially routine" or "conservative" treatment for her diabetes; and (3) many of Plaintiff's episodes (including hospitalizations) apparently resulted from her failure to be "complaint in taking prescribed medications." (Tr. 150).

Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Thus, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

    **C.**    **Social Security Regulation 82-59**

Plaintiff claims the ALJ was required by SSR 82-59 to give her the "opportunity to show justifiable cause" for her failure to comply with treatment. ECF No. 12 at 13-14. In response, Defendant argues SSR 82-59 does not apply to the facts of this case; and, therefore, the ALJ did not

err by failing to consider this regulation. ECF No. 13 at 12.

Upon review, the Court finds Defendant is correct, and SSR 82-59 does not apply under the facts in this case. Indeed, this regulation only applies when a claimant should be found to be disabled, but the ALJ determined that claimant was not disabled because he or she did not follow his or her prescribed course of treatment. *See* SSR 82-59. In such instances, the ALJ must consider whether the claimant had "justifiable cause" for failing to seek treatment. In the present action, however, the ALJ only considered Plaintiff's failure to follow her prescribed course of treatment when he assessed her credibility. (Tr. 150). Thus, the ALJ was not required to determine whether her failure to follow her prescribed course of treatment was justified, and the Court finds no basis for reversal on this issue.

### D. Medication Side Effects

Plaintiff claims the ALJ erred by failing to properly consider the side effects of her medication. ECF No. 12 at 14-15. Upon review, the Court finds this claim is not merited. Notably, in his opinion, the ALJ recited the fact he had considered the side effects of Plaintiff's medication. (Tr. 150). Further, the ALJ found Plaintiff took "medications to relieve her symptoms but the medications do not preclude her from functioning at the level indicated and she would remain reasonably alert to perform required functions presented by her work setting." (Tr. 151). Although Plaintiff also disputes *these* findings, the *only support* Plaintiff provides for this claim–her testimony and Dr. Lococo's findings– was properly discounted. Thus, the Court finds Plaintiff has provided no basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

9

to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of January 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE